UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WENDELL M. TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20CV963 |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a Motion to Dismiss [Doc. #8] filed by Defendant Mocksville Police Department ("Mocksville PD"). Plaintiff Wendell Matthew Turner, *pro se*, was notified of the pending motion and his right to file a response by letter mailed to his last known address [Doc. #10]. The deadline to respond has passed and Plaintiff has not filed a response or requested an extension of time. As such, Defendant's Motion will be treated as unopposed, and is ripe for the Court's review.[1]

Plaintiff filed this claim for damages in North Carolina state court under 42 U.S.C. § 1983. Defendant Mocksville PD removed the case to this Court on October 21, 2020 [Doc. #1]. In his Complaint [Doc. #3], Plaintiff raises a range of challenges to the investigation and prosecution of a 1993 case in which he was ultimately convicted and sentenced to 12 years

---

[1] Although the "motion to dismiss is unopposed and may ordinarily be granted on that basis, see Local Rule 7.3(k), the court must examine the motion on its merits." Cates v. Sandoval, No. 1:20CV200, 2020 WL 5665537 at *6 (M.D.N.C. Sept. 23, 2020).

imprisonment. According to the Complaint, Defendant Mocksville PD was investigating Plaintiff's potential involvement in a teenage prostitution ring in 1993. (Compl. at 26.) As part of the investigation, officers questioned Plaintiff multiple times. After initially denying any involvement, Plaintiff ultimately provided a recorded confession. Based on that confession, Plaintiff was arrested, fingerprinted, and charged with two counts of first degree rape and three counts of another sexual offense. (Id. at 28-29.) Following his conviction for those offenses, Plaintiff was sentenced to 12 years imprisonment and 5 years probation. (Id. at 30.)

While Plaintiff's contentions in the present case are not entirely clear, he primarily seeks to challenge (1) the admissibility of his tape-recorded confession, (2) the State's alleged failure to prove certain elements of the crimes with which he was charged, (3) the propriety of alleged *ex parte* communications between the judge and prosecutor during his trial, (4) the lack of physical evidence, such as DNA evidence or a medical examination of the victim, to support his conviction, (5) the propriety of charging him with two counts of first degree rape and three counts of another sexual offense under the Double Jeopardy Clause, (6) the ineffective assistance of his counsel, and (7) the State's alleged withholding of exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). (Compl. at 13-22.) For these alleged violations, Plaintiff requests $10 million from the Mocksville Police Department for false arrest, $10 million for slander and defamation, and $ 2 million from the State of North Carolina for false imprisonment and cruel and unusual punishment.

Defendant Mocksville PD now moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering Plaintiff's claims, the Court first notes

2

Case 1:20-cv-00963-NCT-JEP   Document 13   Filed 09/22/21   Page 2 of 4

that Plaintiff's claims appear to be attempts to undermine his criminal convictions in this Court. Plaintiff may not do so without first showing that such convictions were reversed on direct appeal, expunged by Executive Order, or, finally, called into question by through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, if a prisoner's successful § 1983 claim "'would necessarily imply the invalidity of his conviction or sentence,'" the claim is not cognizable unless the prisoner "'demonstrate[s] that the conviction or sentence already has been invalidated.'" Young v. Nickols, 413 F.3d 416, 418–19 (4th Cir. 2005) (quoting Heck, 512 U.S. at 487). In this case, Plaintiff repeatedly challenges his convictions and sentences, and pleads his innocence. There is no showing that those convictions have been overturned, however. Therefore, Plaintiff's claims are barred by Heck, and dismissal is proper for this reason alone.[2]

Moreover, to any extent that Plaintiff's claims are not barred under Heck, the claims are barred by the statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury).[3] A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses

---

[2] Plaintiff made various efforts to challenge his conviction in this Court by Petition for Writ of Habeas Corpus (Case No. 1:00CV348, 1:00CV616, 1:19CV416), but those Petitions were denied. Plaintiff also attempted to bring similar § 1983 claims in this Court (Case No. 1:17CV22), and those claims were dismissed for being frivolous and failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

[3] Although Plaintiff's Complaint does not specifically mention § 1983, "that statute provides the basis for the cause of action when a plaintiff sues a state actor for the deprivation of rights secured by the U.S. Constitution." Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66 (4th Cir. 2015).

3

sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995). The actions about which Plaintiff complains occurred prior to his conviction in 1993. By the conclusion of his trial at the latest, Plaintiff was aware of the circumstances of his arrest, the recorded confession, the evidence the state presented against him, the charges brought, and the actions of his counsel. His current filing is well out of time. To the extent Plaintiff may also be attempting to bring related state law claims for defamation and slander, the statute of limitations for such claims is one year pursuant to N.C. Gen. Stat. § 1-54(3). Any defamatory statements complained of by Plaintiff were made in or around 1993. Plaintiff's claims for libel and slander are also time-barred and should be dismissed.

Finally, the Court notes that Plaintiff also names the State of North Carolina as a Defendant, but never obtained service on the State. There is no basis to extend the time for obtaining service because Plaintiff has not requested any such extension and has not responded or acted further in this case, and the claims against the State of North Carolina would be subject to dismissal in any event for the same reasons set out above.

IT IS THEREFORE RECOMMENDED that Defendant Mocksville PD's Motion to Dismiss [Doc. #8] be GRANTED, that all of Plaintiff's claims be dismissed without prejudice, and that this case be closed.

This, the 22nd day of September, 2021.

/s/ Joi Elizabeth Peake
United States Magistrate Judge